**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIVANI THAKKAR,

            Plaintiff-Appellant,

v.

HONEYWELL INTERNATIONAL, INC.,
a foreign corporation authorized to do
business and doing business in Arizona
and LIFE INSURANCE COMPANY OF
NORTH AMERICA, a foreign insurance
company and/or third party administrator
authorized to do business and doing
business in Arizona,

            Defendants-Appellees.

No.   17-15340

D.C. No. 2:16-cv-01446-JJT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SILER,** PAEZ, and IKUTA, Circuit Judges.

Shivani Thakkar appeals the district court's order granting the motion to dismiss her claim for tortious breach of the covenant of good faith and fair dealing against the Life Insurance Company of North America. We have jurisdiction under 28 U.S.C. § 1291.

Even assuming that the salary continuation plan provided by Thakkar's employer is a contract or part of a contract, the tort of bad faith under Arizona law requires a "special relationship" between the parties, as well as a contract. *Burkons v. Ticor Title Ins. Co.*, 168 Ariz. 345, 355 (1991). In general, Arizona law does not recognize a special relationship between an employer and employee. *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 385 (1985), *superseded by statute on other grounds*, Ariz. Rev. Stat. § 12-341.01, *as recognized in Powell v. Washburn*, 211 Ariz. 553, 560 (2006); *Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 197–98 (Ct. App. 1994). Although Arizona law recognizes a special relationship between an insurance company and an insured, *Rawlings v. Apodaca*, 151 Ariz. 149, 163 (1986), Arizona has not designated a salary continuation plan such as the one in this case as either an insurance contract or as workers' compensation insurance.

---

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

2

This salary continuation plan has some similarities to workers' compensation insurance funded by an employer, *see Mendoza v. McDonald's Corp.*, 222 Ariz. 139, 149 (Ct. App. 2009), but Arizona courts "have been reluctant . . . to extend the tort action beyond the insurance setting," *Wagenseller*, 147 Ariz. at 385, and we see no basis for inferring that Arizona courts would extend the tort to an employer's salary continuation plan. Given the lack of a special relationship between Thakkar and her employer, the district court did not err in dismissing her tort claim.

**AFFIRMED.**